IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

ELIJAH COLEMAN, #250 079           *

    Petitioner,                *

    v.                         *     2:07-CV-534-MHT
                                                       (WO)
ARNOLD HOLT, SENIOR WARDEN,       *
*et al.*,
    Respondents.              *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Elija Coleman ["Coleman"], a state inmate, on June 18, 2007. In the petition, Coleman challenges his conviction for murder imposed upon him by the Circuit Court for Bullock County, Alabama, in 2006.

In their answer filed with this court on July 30, 2007, Respondents assert that Coleman has failed to exhaust state remedies with respect to some of the claims now pending before this court. Specifically, Respondents maintain that Coleman's petition contains which have not been exhausted in state court and such claims may still be raised in a timely Rule 32 petition filed in the Circuit Court for Bullock County, Alabama. (Doc. No. 12 at 5-8.)

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the

applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A).  Upon review of the pleadings filed in this case, it appears that Coleman has not yet exhausted his available state court remedies with respect to some of the claims presented in his petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Coleman's claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay of this case is warranted pending the outcome of Coleman's Rule 32 proceedings as there is nothing before this court which indicates that good cause exists for his failure to exhaust his claims first in state court.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

Accordingly, it is

ORDERED that on or before **August 14, 2007** Coleman shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done, this 31st day of July 2007.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE