IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| ELIJAH COLEMAN, #250 079 | * | |
| Petitioner, | * | |
| v. | * | 2:07-CV-534-MHT |
| | | (WO) |
| ARNOLD HOLT, SENIOR WARDEN, *<br>*et al.*, | | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Elijah Coleman ["Coleman"], a state inmate, on June 18, 2007. In the petition, Coleman challenges his conviction for murder imposed upon him by the Circuit Court for Bullock County, Alabama, in 2006. Pursuant to an order of the court, Respondents filed an answer to the petition wherein they maintain that the present petition is due to be dismissed because Coleman has failed to exhaust available state remedies. (Doc. No. 12.) The court granted Coleman an opportunity to show cause why his petition should not be dismissed and he has done so. (Doc. No. 15.)

Upon review of the petition, Respondents' answer, and Coleman's response, the court concludes that the instant habeas corpus action should be dismissed because Coleman has failed to exhaust state remedies with respect to each of the claims raised therein. Specifically, Respondents maintain that Coleman's petition contains claims which have not

been exhausted in state court and such claims may still be raised in a timely Rule 32 petition filed in the Circuit Court for Bullock County, Alabama.  (Doc. No. 12 at 5-8.)

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A).  It is clear from the petition filed herein that Coleman has not yet exhausted his available state court remedies with respect to each claim presented in the instant habeas petition.  This court does not deem it appropriate to rule on the merits of Coleman's claims for relief without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

The court notes that Coleman questions how he can exhaust his claims in a system which does not respect his legal rights and acts in opposition to them.  (*See* Doc. No. 15 at 2.)  Exceptions exist to the exhaustion requirement, *i.e.,* when "there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the right of the prisoner." *Howard v. Davis,* 815 F.2d 1429, 1430 (11th Cir. 1987); 28 U.S.C § 2254(b).  Coleman's arguments, however, fail to fit within the narrow exception to futility, and there is no reason to believe that the Alabama state courts will not give his issues serious consideration.

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas

2

corpus relief should be dismissed without prejudice so that Coleman can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Elijah Coleman be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **August 29, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 17th day of August 2007.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE